Aoki v. FMT Corp.                              CV-96-42-JD    04/24/00

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Aoki Technical
Laboratory, Inc.

       v.                              Civil No. 96-42-JD
                                       Opinion No. 2000 DNH 099
FMT Corporation, Inc.


O R D E R


Aoki moves for partial summary judgment seeking, pursuant to 35 U.S.C.A. § 287(a), a judgment limiting FMT's potential damages to allegedly infringing sales that occurred after Aoki received notice from FMT of its patents and infringement claim in January of 1996. In response, FMT contends that § 287(a) does not apply and that it provided actual notice to Aoki in June of 1991.[1] FMT also moves to strike the declaration of Michael Hoffman submitted by Aoki in support of its motion, and Aoki objects.


Standard of Review

"Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to

_____

[1]FMT also requests partial summary judgment in its favor as part of its objection to Aoki's motion. FMT's request, however, is not included in the title of the motion and will not be considered as a cross-motion for summary judgment. See LR 7.1(a).

judgment as a matter of law." Atmel Corp. v. Information Storage Devices, Inc., 198 F.3d 1374, 1378 (Fed. Cir. 1999) (citing Fed. R. Civ. P. 56(c)). The evidence is viewed in the light most favorable to the nonmoving party, and all reasonable inferences are drawn in its favor. See Optical Disc Corp. v. Del Mar Avionics, ___ F.3d ___, 2000 WL 354753 at *7 (Fed. Cir. Apr. 7, 2000). Summary judgment will not be granted as long as a reasonable jury could return a verdict in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment motions are considered in light of the parties' substantive evidentiary burdens at trial. See id. at 254. The patentee, FMT in this case, has the burden of proving compliance with the marking statute, § 287(a). See Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1111 (Fed. Cir. 1996). If the moving party, without the burden of proof on the issue for summary judgment, shows with record support that there is no material factual issue and that it is entitled to summary judgment, then the nonmoving party must show either that the moving party is not entitled to judgment as a matter or law or that material facts are in dispute. Vivid Tech., Inc. v. American Science, 200 F.3d 795, 806-07 (Fed. Cir. 1999).

2

## Discussion

Aoki contends that FMT's infringement damages, if any, must be limited because it was not given notice of infringement until January of 1996. The marking statute, § 287(a),[2] encourages patentees to notify the public of their patents by tying the accrual of damages for infringement to notice requirements. <u>See</u> <u>Maxwell</u>, 86 F.3d at 1112. Notice under the statute may be provided constructively, by marking the product with the patent number, or by actual notice to the infringer. <u>See</u> <u>SRI Int'l,</u> <u>Inc. v. Advanced Tech. Labs., Inc.</u>, 127 F.3d 1462, 1469 (Fed.

---

[2]35 U.S.C.A. § 287(a) provides as follows:

Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.," together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

Cir. 1997). FMT does not dispute that the products made by its licensee, Constar, were not marked with the patent numbers.[3] Instead, FMT contends that it gave actual notice and that the marking statute does not require marking because of the nature of the patents and the products made.

"Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." Amsted, 24 F.3d at 187. "Although there are numerous possible variations in form and content, the purpose of the actual notice requirement is met when the recipient is notified, with sufficient specificity, that the patent holder believes that the recipient of the notice may be an infringer." SRI, 127 F.3d at 1470. While an informational letter providing notice of a patent to an entire industry is insufficient, see Amsted, 24 F.3d at 187, it is not necessary that "the patentee threatens suit, demands cessation of infringement, or offers a license under the patent," SRI, 127 F.3d at 1470.

FMT asserts that Aoki was given actual notice of infringement when Frederick Feddersen, president of FMT, saw an Aoki machine at the National Plastics Exposition in June of 1991 and

---

[3]Claim one in each of three patents, U.S. Patent No. 4,432,530 ("'530 patent"), U.S. Patent No. 4,521,369 ("'369 patent"), and U.S. Patent No. 4,588,620 ("'620 patent"), is at issue in this case.

talked with an Aoki representative, Mr. Tsugami.  Feddersen says that he noticed that mechanics were taking preforms out of the machine and they looked like they had flat bottoms.  He asked Mr. Tsugami if he could have a preform, and Tsugami said no because they were confidential.  Feddersen then asked Tsugami if the bottom of the preforms were thinner than the side walls.  Feddersen says that Tsugami smiled and asked him if he was from FMT, which Feddersen admitted.  Tsugami said he had heard of FMT from the Nissei case, and Feddersen responded that that was one of the reasons he wanted to see the configuration of the bottom of the preform.  Feddersen then offered Aoki a license and said that if Aoki did not negotiate a license with FMT and FMT were successful in the Nissei case, FMT would then file a suit against Aoki.  In his deposition, Tsugami said he did not recall the conversation with Feddersen, but he did not deny that it might have occurred.

Aoki does not address the Feddersen notice, at all.  Instead, Aoki says, "Prior to January 11, 1996, there is no dispute that there is absolutely no evidence that FMT ever communicated 'a specific charge of infringement by a specific accused product' to Aoki."  Contrary to Aoki's assertion, the Feddersen and Tsugami discussion is at least some evidence of actual notice.  Feddersen says that he offered Aoki a license,

5

and in the context of the conversation a reasonable inference that could be draw is that the license would permit Aoki to use FMT's patent covering flat bottomed preforms with thicker side walls than bottoms. An offer of a license is actual notice. See Ralston Purina Co. v. Far-Mar-Co., Inc., 772 F.2d 1570, 1577 (Fed. Cir. 1985). In addition, Feddersen threatened suit, which, under the circumstances, also could reasonably be interpreted to mean an infringement suit under the same patents at issue in the Nissei case. See SRI, 127 F.3d at 1470.

Based on the present state of the record, the discussion, supported by Feddersen's affidavit and deposition testimony, at least presents a triable issue as to whether actual notice occurred at that time. Therefore, FMT has shown that Aoki did not establish that it is entitled to partial summary judgment with respect to limiting FMT's damages under § 287(a). See Vivid Tech., 200 F.3d at 806-07.

Given the triable question as to actual notice, which would predate the Constar license, Aoki is not entitled to partial summary judgment based on the alternative issue of the marking requirement under § 287(a). Therefore, the remaining issues as to whether the marking statute applies to the patented preform or the patented mold-core rod combination made by Constar under license from FMT will not be addressed in the context of this

6

motion.  In addition, since the declaration of Michael Hoffman, submitted by Aoki in support of its motion for partial summary judgment, was not necessary to resolve the motion and was not considered by the court, it is also not necessary to consider FMT's motion to strike the declaration.

Conclusion

For the foregoing reasons, the plaintiff's motion for partial summary judgment (document no. 299) is denied.  The defendant's motion to strike (document no. 322) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

April 24, 2000

cc:   David B. Abel Jr,. Esquire
      Irvin D. Gordon, Esquire
      Garry R. Lane, Esquire
      Theodore A. Breiner, Esquire
      Jerry B. Blackstock, Esquire